## In re COLUMBIA AIRCRAFT CORPORATION.

No. 46922.

District Court, E. D. New York.

Jan. 20, 1947.

Norman & Allen, of New York City, for Casein Co. of America, for the motion.

Benjamin C. Ribman, of New York City, for debtor, opposed.

KENNEDY, District Judge.

This is an order made by an official referee in bankruptcy in proceedings under Chapter XI of the Bankruptcy Act, 11 U.S. C.A. § 701 et seq. The order is dated November 18, 1946, and it restrains three judgment creditors against the continuation of proceedings supplementary to the judgments. It vacates third party subpoenas issued prior to the entry of the order, directs four banks to honor the debtor's checks if countersigned by the referee, and, in effect, frees the deposits of any restraints imposed by the supplementary proceedings.

Originally the debtor applied for additional relief, namely, a vacatur of the state judgments. This the referee denied.

The argument in support of the petition to review is that, absent a showing of insolvency by the debtor (which has the burden of proving it), there is no power either in the Court or the referee to vacate judgment liens, even where they attach within four months prior to the filing of the petition. But surely the decisions which announce this rule do not deprive the bankruptcy Court of the power to stay proceedings supplementary to judgment, at least for a reasonable time during which the debtor's affairs may be investigated. If proof of insolvency is necessary to support the order under review, it must fall: there is no such proof. But I do not think it is necessary.

I acknowledge that orders of this type may be abused by the debtor, and that the proceedings before the referee do not supply a very clear factual background. But I think the order should be upheld, at least as a temporary expedient. I believe the referee had power to issue it and that it was provident under the circumstances. If, as one brief seems to suggest, the effect of the order is to victimize some creditors, they certainly have the right to bring these matters to the attention of the referee in support of an application to vacate the order. To make this plain, the order entered in this proceeding to review should be without prejudice to a motion to vacate the stay granted by the order complained of, if the circumstances warrant that course.

The order is affirmed, as indicated.